IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIKE PASTORKY,<br>                Plaintiff,<br><br>    vs.<br><br>ALAN FOGER, Director Bureau of Health<br>Services; ROBERT TRETINIK, Health<br>Care Administrator; DOCTOR BOSTICH,<br>Optometrist, sued in their individual and<br>official capacities,<br>                Defendants. | Civil Action No. 07-786<br>Judge Gary L. Lancaster/<br>Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is respectfully recommended that plaintiff's Motion for Prevailing Party Status [Doc. 20] be denied and that the case be dismissed as moot.

II. REPORT

Plaintiff, Mike Pastorky, commenced this action under 42 U.S.C. § 1983, alleging that defendants violated his Eighth Amendment rights by failing to provide adequate and timely medical care and treatment for a cataract in his left eye. Plaintiff has sought injunctive and declaratory relief as well as damages in the amount of $20,000.00 from each defendant and $25.00 per day for each day that medical treatment was withheld.

The defendants Alan Foger and Robert Tretinik (the "Correction defendants") filed a Motion to Dismiss Complaint on September 18, 2007, see Doc. 14, which is currently pending.

Plaintiff nevertheless filed a Motion for Prevailing Party Status on January 2, 2008, in which he alleges that the Corrections defendants "have acquiesced to Plaintiff's complaint by providing him with the necessary and standard treatment for his serious medical need in the form of cataract surgery," and that he "has received "the primary relief – the same relief sought in his asking for injunctive relief from the Court in his complaint against the Corrections Defendants." Doc. 20, p. 1. Plaintiff also asserts that "Defendants have rendered Plaintiff's Constitutional violation claim as moot before the Court." Id. Accordingly, Plaintiff seeks an award of $400.00 pursuant to 42 U.S.C. § 1988 to cover his costs in this litigation and indicates that he will ask the Court to dismiss his claims against the Corrections defendants if his motion is granted. Id. at pp. 1, 2.

As argued by the Corrections defendants, however, no order or judgment has been entered in Plaintiff's favor in this matter as is required to qualify him as a "prevailing party." In Buckhannon Board and CareHome, Inc., v. West Virginia Dept. of Health, 532 U.S. 598, 605-06 (2001), the United States Supreme Court, noting that it has never awarded attorney's fees absent the plaintiff receiving at least some relief on the merits of his claims or a court ordered consent decree, declined to find that the term "prevailing party" authorized courts to award fees to a plaintiff who, "by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the 'sought-after destination' without obtaining any judicial relief." Id. Rather, the Court found that there must be some judicial alteration of actual circumstances. Id.

Although plaintiff in the instant case appears to be seeking $400 for costs rather than attorney's fees, the Court's reasoning in Buckhannon is equally compelling. Although the

2

Court noted that courts generally have a presumptive rule for costs which a court in its discretion may vary, id. at 606 n.8., Justice Scalia, in a concurring opinion, noted that historically costs were not only awarded "incident to the judgment," but that prior to the enactment of 42 U.S.C. 1988, there were no cases in which costs were awarded on the basis of a "statutory invocation of 'prevailing party' or under the common-law rule - the 'catalyst theory.'" Id. at 611-12. He went on to note that the cases cited by Justice Ginsberg in the dissenting opinion for the proposition that costs can be awarded absent a judgment still involved a "judicial finding - or its equivalent, an acknowledgment by the defendant - of the merits of plaintiff's case." Id. at 612-13, 633.[1] Thus, because there has been no judicial alteration of plaintiff's circumstances here, it appears that he is not entitled to prevailing party status.

Moreover, it appears that even under the "catalyst theory" proposed by plaintiff, "prevailing party" status still would prove elusive. The "catalyst theory" provides that "a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." Id. at 601. The Corrections defendants, however, have submitted a declaration from defendant Tretinik, the Corrections Health Care Administrator at SCI Fayette, in which he states that, under the criteria in place for cataract surgery, the best corrected visual acuity in the good eye must be 20/50 or higher unless, inter alia, the cataract appears to be hiding other disease. Def. Exh. A: Tretinik Decl. ¶¶ 1, 3 (Doc. 23-2). Mr. Tretinik further declares, and plaintiff does not dispute, that plaintiff's medical chart reflects that his good

---

[1] Moreover, as argued by defendants, not only does Fed. R. Civ. P. 54 link "costs" to the entry of a judgment but 28 U.S.C. §1920 discusses the bill of costs as being included in the "judgment or decree," and the PLRA authorizes a judgment for costs "at the conclusion of the suit or action." 28 U.S.C. §1915(f)(1).

3

eye visual acuity through May of 2007, was 20/20 and, thus, he did not meet the criteria. Id. at ¶ 4. The records also show, however, that after plaintiff again complained of eye-related discomfort in August of 2007, he was referred to an Optometrist, who, following examination on September 17, 2007, recommended that plaintiff be seen by an outside ophthalmology consultant. That examination took place on October 23, 2007, at which time the Ophthalmologist noted that surgery would be medically indicated in order to visualize the posterior eye which could not be readily visualized due to the density of the cataract, thereby placing plaintiff within the exception to the 20/50 criteria benchmark. Id. at ¶¶ 5-6. As plaintiff acknowledges, surgery was then performed on December 10, 2007. Id. at ¶ 7. It therefore appears from plaintiff's medical records that a change in his condition occurred between May of 2007 and September of 2007, which warranted the eventual ophthalmologic consultation and surgery. Under these circumstances, it cannot be said that plaintiff's lawsuit, rather than the change of his medical condition, was the catalyst behind the defendants' decision to perform surgery and, thus, it does not appear that plaintiff is properly considered a "prevailing party" under the "catalyst theory" either. As such, plaintiff's motion is properly denied.

This having been said, as previously discussed, plaintiff has acknowledged in his motion that he has received the relief sought against the Corrections Defendants which has "rendered Plaintiff's Constitutional violation claim as moot before the Court." Doc. 20, p. 1. Accordingly, the Court issued an Order on January 3, 2008, directing plaintiff to show cause on or before January 17, 2008, why the case should not be dismissed as moot. Doc. 21. To date, plaintiff has failed to respond to the Court's order or given any other indication why, having conceded that his claims are moot, the case should not be dismissed. It therefore appears that

4

plaintiff's complaint is appropriately dismissed.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, plaintiff is permitted to file written objections by [ ] in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

Dated: 31 January, 2008

cc: Hon. Gary L. Lancaster
United States District Judge

Mike Pastorky
BA-9802
SCI Fayette
P.O. Box 9999
LaBelle, PA 15450

Scott A. Bradley, Esq.
Office of the Attorney General
by Notice of Electronic Filing